IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
        Plaintiff, )   CIVIL ACTION NO.
 )
v. )   C O M P L A I N T
 )
THE INDUSTRIAL LABOR MANAGEMENT )
GROUP, INC., )
 )
        Defendant. )
 )

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., (Title VII) and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of gender, and to provide appropriate relief to Sherry Brewer and a class of female applicants who were adversely affected by such practices. As alleged with greater particularity in paragraphs 6-8 below, Plaintiff Equal Employment Opportunity Commission alleges Defendant, The Industrial Labor Management Group, Inc., failed to refer or place Sherry Brewer and other qualified female applicants for employment, because of their gender in violation of Title VII. In addition, Defendant unlawfully limited, segregated, or classified its applicants for employment in a way which would tend to deprive them of employment opportunities because of their sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, The Industrial Labor Management Group, Inc. (the "Employment Agency"), has procured employees for an employer and has been an employment agency within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

## STATEMENT OF CLAIMS

5. More than thirty days prior to the institution of this lawsuit, Sherry Brewer filed a charge with the Commission alleging violations of Title VII by Defendant Employment Agency. All conditions precedent to the institution of this lawsuit have been fulfilled.

6. Since at least March 2010, Defendant Employment Agency has engaged in unlawful employment practices at its Murfreesboro, Tennessee facility in violation of Section 703 (a) of Title VII, 42 U.S.C. § 2000e-2(a).

   a. The unlawful employment practices include refusing to refer or place Sherry Brewer for employment because of her gender, female.

2

b. In March 2010, Defendant Employment Agency began providing temporary workers to its Shelbyville, Tennessee client – Manuli Stretch.

c. In January 2011, Sherry Brewer submitted a resume via the Career Builders website in response to an advertisement by Defendant Employment Agency, seeking applicants to work in Shelbyville, Tennessee.

d. Within a week of submitting her resume, Ms. Brewer contacted Defendant Employment Agency directly via telephone to inquire about the status of her resume submission.

e. Defendant Employment Agency advised Ms. Brewer to come to its office to complete an application.

f. Ms. Brewer appeared at Defendant Employment Agency's office.

g. Defendant Employment Agency conducted an interview with Ms. Brewer.

h. Ms. Brewer told the interviewer that she was interested in employment at the Shelbyville, Tennessee company (Manuli Stretch).

i. Ms. Brewer also told the interviewer that she could lift at least 50 lbs.

j. Defendant Employment Agency Manager advised Ms. Brewer to call back.

k. Shortly thereafter, Ms. Brewer called Defendant Employment Agency regarding her application.

l. Defendant Employment Agency told Ms. Brewer the job was for men only.

m. Defendant Employment Agency did not refer or place Ms. Brewer for employment at Manuli Stretch or any other company.

n. Defendant Employment Agency only referred male applicants to work at the Manuli Stretch worksite in Shelbyville, Tennessee.

o. At least 16 male applicants were placed by Defendant Employment Agency at Manuli Stretch from March 2010 to December 2011.

p. Several of the male applicants placed by Defendant Employment Agency at Manuli Stretch did not meet its purported 75 lb weight lifting restriction.

q. Defendant Employment Agency did not ask some male applicants whether they could meet the specific lifting requirements.

r. Defendant Employment Agency hired the males despite their inability to meet the stated job lifting requirements.

7. The unlawful employment practices include refusing to refer or place female applicants as a class at Manuli Stretch because of their gender.

   a. In March 2010, Defendant Employment Agency began providing temporary workers to its Shelbyville, Tennessee client – Manuli Stretch.

   b. Defendant Employment Agency received applications from female applicants who met the stated qualifications, including lifting requirements to work at Manuli Stretch.

   c. Defendant Employment Agency did not refer or place any female applicants at Manuli Stretch.

   d. Defendant Employment Agency only referred or placed male applicants at Manuli Stretch.

   e. Several of the male applicants referred or placed by Defendant Employment Agency at Manuli Stretch did not meet its purported lifting requirement.

   f. Defendant Employment Agency did not ask some male applicants whether they could meet the specific lifting requirements.

4

8. Since at least March 2010, Defendant Employment Agency unlawfully limited, segregated, or classified its applicants for employment in a way which would tend to deprive them of employment opportunities because of their sex in violation of Title VII, 42 U.S.C. § 2000e-2.

    a. At its facility in Murfreesboro, Tennessee, Defendant Employment Agency issued color coded applications based on sex.

    b. Female applicants received yellow applications.

    c. Male applicants received blue/teal applications.

    d. Defendant Employment Agency kept files separated by sex.

    e. Defendant Employment Agency maintained female files in the top two drawers with yellow applications attached.

    f. The cabinet file Defendant Employment Agency kept for Manuli Stretch contained all male and blue/teal applications.

9. The effect of the practice(s) complained of in paragraph(s) 6-8 above has been to deprive Sherry Brewer and a class of female applicants of equal employment opportunities and otherwise adversely affect their status as applicants, because of their gender.

10. The unlawful employment practices complained of in paragraphs 6-8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 6-8 above were done with malice or with reckless indifference to the federally protected rights of Sherry Brewer and a class of female applicants for employment.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

5

A.  Grant a permanent injunction enjoining Defendant Employment Agency, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of gender.

B.  Order Defendant Employment Agency to institute and carry out policies, practices, and programs which provide equal employment opportunities for female applicants, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employment Agency to make whole Sherry Brewer and other female applicants who were denied referral because of their gender, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place employment referral of Sherry Brewer and other female applicants who were denied employment referral or placement because of their gender, front pay in lieu of referral, or otherwise make whole individuals denied employment referral because of their gender.

D.  Order Defendant Employment Agency to make whole Sherry Brewer and other female applicants who were denied referral or placement because of their gender, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 6-8 above, including relocation expenses, job search expenses, and medical expenses, etc. in amounts to be determined at trial.

E.  Order Defendant Employment Agency to make whole Sherry Brewer and other female applicants who were denied referral or placement because of their gender, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices

complained of in paragraphs 6-8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employment Agency to pay Sherry Brewer and other female applicants who were denied referral or placement because of their gender, punitive damages for its malicious and reckless conduct described in paragraphs 6-8 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Faye A. Williams by MC*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730
faye.williams@eeoc.gov

*Joseph M. Crout by MC*
JOSEPH M. CROUT
Supervisory Trial Attorney
TN Bar No. 012957
joseph.crout@eeoc.gov

*Markeisha K. Savage by MC*
MARKEISHA K. SAVAGE
Trial Attorney
TN Bar No. 024693
markeisha.savage@eeoc.gov

7

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
Tel: (901) 544-0133

*/s/ Mark Chen*
MARK CHEN
Trial Attorney
TN Bar No. 014268
mark.chen@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
220 Athens Way, Suite 350
Nashville, TN 37228
Tel: (615) 736-5784